# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WENDELL E. BETANCOURT,**

    **Petitioner,**

    v.                                                   **Civil action no. 3:04CV77**
                                                           **Criminal action no. 3:01CR25**
                                                           **(Judge Broadwater)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

On September 3, 2004, the *pro se* petitioner, an inmate at FCI-Fort Dix, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Order entered on September 20, 2004, the Court ordered the respondent to answer the motion. On November 24, 2004, the respondent filed Motion of the United States to Dismiss and Response to Petitioner's Motion Made Pursuant to 28 USC 2255. On September 27, 2004, and February 9, 2005, the petitioner filed a Motion for Appointment of Counsel and Evidentiary Hearing. On August 5, 2005, the petitioner filed a Motion in Supplement of Record.

This matter, which is pending before me for initial review and report and recommendation pursuant to the October 8, 2004, Order of Referral issued by the Honorable W. Craig Broadwater, is ripe for review.

## II. FACTS

**A. Conviction and Sentence**

On March 11, 2002, the petitioner signed a plea agreement in which he agreed to plead guilty to conspiracy to possess with the intent to distribute and to distribute crack cocaine. In the plea agreement, the parities stipulated to total drug relevant conduct of 158.743 grams of crack. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> Mr. Betancourt is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).

On March 14, 2002, the petitioner entered his plea in open court. During the plea hearing, the Government presented the testimony of Becky Collins, a deputy sheriff with the Berkeley County Sheriff's Department, to establish a factual basis for the plea. Deputy Collins testified that based upon information obtained from witnesses and co-conspirators, the petitioner was "probably one of largest dealers in the conspiracy," (plea hearing tr. p. 25), and that the petitioner supplied crack to his co-defendants and other individuals not named in the conspiracy. The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 1 of the indictment. The petitioner further stated under oath that the plea was not the "result of any threats, force, or harassment of any kind" and that the plea was not the

result of any promises other than those contained in the plea agreement (Id. at 27). The petitioner testified that his attorney had adequately represented him, that his attorney had left nothing undone, that neither he nor his attorney had found a way to defend against the charges set forth in the indictment, and that he was in fact guilty of the crime charged in count one of the indictment.

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of Count 1 were established beyond a reasonable doubt. The petitioner did not object to the Court's finding.

On June 3, and 11, 2002, the petitioner appeared before the Court for sentencing. The Court found that the petitioner is a career offender and that the guidelines provide for a total offense level of 31, a criminal history category of VI and a sentencing range of 188-235 months. The Court sentenced the petitioner to 220 months imprisonment.

**B. Appeal**

The petitioner filed a direct appeal from his conviction and sentence. The Government moved to dismiss the appeal because the petitioner waived his right to appeal. On July 10, 2003, the Fourth Circuit Court of Appeals dismissed the petitioner's appeal.

**C. Federal Habeas Corpus**

**Petitioner's Contentions**

The petitioner asserts that the Court abused its discretion by becoming involved in the plea negotiations by "threatening [him] with evidence" that the Government would introduce if he went to trial. According to the petitioner, he was threatened by the following statements made by the Court during the February 19, 2002 pre-trial conference:

> Now, again I just - - of course, Mr. Beck has pointed to the lack of evidence here, but I always like to make defendants understand that don't increase your pay, nor do they decrease your pay, based upon who does or does not get convicted in the court here. I mean, you fellows have got some pretty good lawyers there, you know. I like to say you know what you did or did not do. We'll bring in a jury here, hear the evidence, if that's what you want. If you are found not guilty, it is actually a lot less work for me. If you are found guilty, that's the way it goes. When the government has a substantial amount of evidence that's videotaped, audiotapes, controlled purchases, and namely in these drug cases they start bringing in a lot of codefendants pointing a finger across the aisle to the remaining defendants, it makes it difficult. And I think you all understand generally, but not always you lose your acceptance of responsibility by testing the government's proof at trial.
>
> All I'm asking you to do it take a cold hard look at the evidence, talk with your lawyer and decide whether or not it is your benefit to enter a guilty plea. If you don't and you want to go to trial that's no problem.
>
> That's what a trial judge is hear for. I don't recall that I have actually –well, and I think the sentencing guidelines pretty much makes you follow everything right on down the line when it comes to exercising your constitutional rights to a trial.

(February 19, 2002 hearing tr. at 23-24).

The petitioner has interpreted the Court's guidance as a threat that the Court would violate his constitutional rights by applying the sentencing guidelines, "right down the line even if they don't apply." The petitioner further asserts that there was no factual basis for the plea, that Apprendi v. New Jersey, 530 U.S. 466 (2000) was violated because he was sentenced to more than the statutory maximum of 10 years as provided in §841(b)(1)(A); that pursuant to Blakely v. Washington, 530 U.S. 466 (2004), the statutory maximum sentence for 5-150 grams is 10 years and his counsel was ineffective for failing to object to the Court's participation in the plea process and failing to raise the Apprendi issue on appeal.

**Respondent's Contentions**

4

The respondent contends that the petitioner's motion should be dismissed because he waived his right to collaterally attack his sentence; that his claims are procedurally defaulted because they were not raised on direct appeal, and, in the alternative, the claims are without merit.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the Court's docket.

**III. ANALYSIS**

In United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights and referenced "United States v. Marin, 961 F.2d 493 (4th Cir.1992) ('[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race.'); United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) (holding that a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings)." Id. at 220, n. 2. However, because Lemaster did not argue that his claims fell within one of these exceptions, the Fourth Circuit did not address whether a court should address similar claims in a §2255 motion despite a waiver of the right to file a collateral attack.[1] Nonetheless, the Fourth Circuit stated that it saw no reason to treat waivers of collateral

---

[1] In Lemaster, the Fourth Circuit stated that "[l]iberally construed, Lemaster's petition alleged, inter alia, that his guilty plea, and thus his waiver of collateral-attack rights, was unknowing and involuntary because (1) his counsel's initial explanation of the proposed plea agreement differed substantially from the final version of the plea agreement and that his counsel failed to explain the

5

attack rights different than waivers of direct appeal rights. Id.

The Fourth Circuit has already found the petitioner's waiver of his appellate rights to be knowing and voluntary as evidenced by the court's dismissing the appeal. Likewise, the undersigned finds that the petitioner's waiver of his right to collaterally attack his sentence is knowing and voluntary. Thus, the undersigned must determine whether the petitioner's claims fall within the scope of the waiver.

In the instant case, the undersigned finds that all of the petitioner's claims are barred by the petitioner's waiver except for his Apprendi claim because the petitioner alleges that his sentence exceeded the statutory maximum. However, the petitioner's Apprendi claim was not raised on direct appeal and is thus, procedurally barred. [2]

The failure to raise a claim on direct appeal may result in a procedural default barring lateral review. Bousley v. United States, 523 U.S. 614 (1998). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or

---

changes to him; (2) his counsel failed to inform him, or misinformed him, of the potential punishment that he faced under the plea agreement; and (3) Lemaster was threatened that he would be denied adequate medical care unless he pleaded guilty." United States v. Lemaster, 403 F.3d 216, 219 (4th Cir. 2005).
 Lemaster also raised the following claims which were unrelated to the voluntariness of his plea or the waiver of his right to collaterally attack his sentence: "his counsel was constitutionally ineffective in the following respects: (1) counsel failed to provide Lemaster with a copy of the presentencing report; (2) counsel failed to object to the presentencing report as directed by Lemaster; (3) counsel failed to request a downward departure based on Lemaster's diminished capacity; (4) counsel failed to request a downward departure based on Lemaster's deteriorating medical condition; and (5) counsel ignored Lemaster's correspondence." Id.

[2]Even if the petitioner's assertion that the Court's alleged involvement with the plea process and his claim that there is no factual basis for the plea could be construed as a claim that his plea was involuntary and knowing, such claim is procedurally barred because it was not raised on direct appeal, and the petitioner has failed to demonstrate cause and prejudice or actual innocence.

he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Id. at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995).

The petitioner asserts that the Apprendi claim is not procedurally barred because his attorney failed to raise the issue on appeal. However, contrary to the petitioner's assertions he has not shown cause or prejudice or actual innocence.

Counsel is not obligated to assert all nonfrivolous issues on appeal. Jones v. Barnes, 463 U.S. 745, 750 (1983). In determining whether an individual was provided ineffective assistance of counsel on appeal, the court must presume appellate counsel decided which issues would be most successful on appeal. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir.1993), cert. denied, 510 U.S. 984 (1993).

Here, the petitioner's Apprendi claim is without merit. 21 U.S.C. §841(b)(1)(A) provides that the statutory maximum sentence is 10 years to life. The indictment referenced this section and indicated the conspiracy involved in excess of 50 grams of crack cocaine. Thus, there is no

Apprendi violation. Therefore, his attorney was not ineffective for failing to raise the Apprendi issue on appeal.

Moreover, to the extent the petitioner is attempting to raise a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004) such is waived.³ See, United States v. Blick, 408 F. 3d 162 (4th Cir. 2005). Even if it were not waived, Blakely, now Booker, does not apply retroactively to §2255 motions when the judgment became final as of the date the Supreme Court issued Booker. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F. 3d 781 (8th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005).

Because the petitioner's conviction became final prior to the issuance of the Booker decision, in accordance with the just mentioned decisions, the Court finds that the petitioner is not entitled to have Booker applied retroactively to his sentence.

## IV. MISCELLANEOUS MOTIONS

---

³Blakely v. Washington, 542 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."
    Recently, the Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in Booker applied to all cases on direct review, the Supreme Court did not address whether Booker applies retroactively to cases on collateral review.

On September 27, 2004, and February 9, 2005, the petitioner filed a Motion for Appointment of Counsel and Evidentiary Hearing.

28 U.S.C. §2255 provides in pertinent part that

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

Thus, if it is clear from the pleadings and the files and records that the petitioner is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

The petitioner's motion and the Government's response conclusively establish that the petitioner is entitled to no relief. Thus, he is not entitled to an evidentiary hearing.

With regard to the petitioner's request for counsel, the authority for the Court to appoint counsel in a § 2255 action is discretionary and there is no Constitutional right to have appointed counsel in post conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987).

A Court may appoint counsel to a financially eligible person if justice so requires in a §2255 action. See 28 U.S.C. §2255; 18 U.S.C. §3006A. Appointment of counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. §3006A, is only required in a §2255 action when necessary for utilization of discovery procedures and when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 cases in the United States District Courts. Upon review of the file, I have concluded that the issues in this matter are not complex, that this matter does not require discovery or an evidentiary hearing, and that the petitioner has not demonstrated circumstances which demonstrate the need for appointment of counsel. Accordingly,

the petitioner's motion for appointment of counsel should be denied.

Finally, on August 5, 2005, the petitioner filed a Motion in Supplement of Record in which he states "the Petitioner has previously filed motions to vacate his state convictions. And subsequently, the Petitioner will respectfully ask this Court under these §2255 proceedings to vacate the sentence imposed due to the prior state convictions being dismissed and removed from Petitioner's criminal history." While the motion is confusing, it appears to the undersigned that the petitioner has filed motions to vacate his state sentences which were used to determine his criminal history in the underlying federal criminal case, and if he successfully challenges his state court convictions, he will seek a modification of his criminal history in ths Court. The petitioner's Motion in Supplement of Record is premature as there is no evidence that his state convictions have been dismissed. Thus, his motion should be denied.

## V. RECOMMENDATION

The undersigned recommends that the Court enter an Order **GRANTING** the respondent's motion to dismiss with regard to all of the petitioner's claims except his Apprendi claim, **DENYING** and **DISMISSING WITH PREJUDICE**, the petitioner's §2255 motion, **DENYING** the petitioner's September 27, 2004 and February 9, 2005 Motion for Appointment of Counsel and Evidentiary Hearing, and **DENYING** the petitioner's August 5, 2005 Motion in Supplement of Record.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: September 26, 2005

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE