IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

WENDELL E. BETANCOURT,

    Petitioner,

v.                                         CIVIL ACTION NO. 3:04CV77
                                          CRIMINAL ACTION NO. 3:01CR25
                                          (BROADWATER)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge James E. Seibert, dated September 26, 2005. The petitioner was granted an extension to file objections to the Report and filed his objections on November 4, 2005. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review. After reviewing the above, the Court is of the opinion that the Magistrate Judge's Report and Recommendation (Document 521) should be and is hereby **ORDERED** adopted.

### Factual and Procedural Background

On March 14, 2002, the petitioner plead guilty to conspiracy to possess with the intent to distribute more than 50 grams of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(a)(1). The plea agreement contained a stipulation between the parties that total drug relevant conduct was 158.743 grams of cocaine base. In addition, petitioner waived his rights to appeal his sentence and to collaterally attack his sentence.

In support of its factual basis for the plea, the United States presented witness Becky Collins, a deputy with the Berkeley County Sheriff's Department. Collins testified that petitioner was "probably one of the largest dealers in the conspiracy" (plea hearing transcript at p.25) and provided crack to his co-defendants and other un-indicted co-conspirators. The petitioner did not challenge the factual basis for the plea.

The petitioner then entered his plea of guilty and informed the court his plea was not the result of any promises other than those contained in the plea agreement. The petitioner informed the court he was satisfied with his attorney's representation of him and there was nothing he had asked his attorney to do which he had not done. The Court thus found the petitioner's plea was knowing and voluntary and there was a factual basis to support the plea. The petitioner did not challenge the Court's findings.

The petitioner's sentencing took place over the course of two days - June 3, 2002 and June 11, 2002. The Court determined the petitioner to be a career offender. The Court determined petitioner's total offense level to be 31 and his criminal offense category to be VI. The applicable sentence under the United States Sentencing Guidelines was 188 - 235 months of incarceration. The Court then sentenced the petitioner to 220 months in prison.

The petitioner filed a direct appeal of this sentence with the Court of Appeals for the Fourth Circuit, who dismissed petitioner's appeal on July 10, 2003. The petitioner now brings the instant petition under Title 28 United States Code Section 2255. The government filed a motion to dismiss petitioner's petition.

### Issues Raised in Petitioner's 2255 Motion

Petitioner asserts several issues in his 2255 motion. Petitioner first alleges the court

wrongfully inserted itself in the plea process. He also asserts there was no factual basis for his plea; that his rights under Apprendi v. New Jersey, 530 U.S. 466 (2000) were violated for the reasons that his sentence was greater than the statutory maximum; that his counsel was ineffective for failing to raise both the Apprendi issue and the issue of the court's alleged abuse of discretion regarding the plea process on direct appeal.

### A.      Allegation of Abuse of Discretion by the District Court

The Court finds the petitioner's claim of abuse of discretion by the Court is procedurally barred because petitioner failed to raise the issue previously on appeal. Failure to raise a claim on direct appeal may result in a procedural default precluding lateral review. Bousley v. United States, 523 U.S. 614 (1998).

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant *must show cause and actual prejudice* resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.

U.S. v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), *cert denied,* 529 U.S. 1010 (2000) (emphasis added). To establish cause for a procedural default, the petitioner must demonstrate something external to the defense, such as the uniqueness of the claim or a denial of effective assistance of counsel. Id. "[T]o demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493.

"[T]o establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent."

Id. at 494. The petitioner must show "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995). Upon review of petitioner's petition, the government's response and the Magistrate Judge's Report, the court finds the petitioner has failed to show cause and actual prejudice or that a miscarriage of justice would result from the court's refusal of the collateral attack.

**B.     Petitioner's Claim There Was No Factual Basis for his Guilty Plea**

The petitioner claims the government failed to establish a factual basis for his guilty plea. As with the previously discussed issue, petitioner failed to raise this issue during his direct appeal to the Fourth Circuit, and the Court finds, pursuant to Bousley, 523 U.S. 614 (1998) and Mikalajunas, 186 F.3d 490 (4th Cir. 1999) petitioner is now procedurally barred from raising the issue collaterally and has not shown cause and actual prejudice resulting from the errors he alleges nor has he demonstrated that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.

**C.     Petitioner's Claim That His *Apprendi* Rights Were Violated Because Sentence Exceeded Statutory Maximum**

The petitioner claims that his rights under Apprendi v. New Jersey were violated because his sentence exceeded the statutory maximum provided for violations of Title 18 United States Code 841(a)(1). Petitioner alleges that the Court sentenced him instead under 18 U.S.C. 841(b)(1)(C). The Magistrate Judge finds that petitioner's Apprendi claim is procedurally barred because petitioner failed to raise it on direct appeal and that petitioner fails to show cause or prejudice or actual innocence.

This Court adopts the Magistrate Judge's finding but further notes that petitioner's allegation is factually incorrect. The penalty for violation of 18 U.S.C. § 841(a)(1) is found in 18 U.S.C.

841(b)(1)(A), which provides that the maximum statutory penalty which petitioner could receive is ten (10) years to life. The maximum penalty is not ten (10) years as petitioner asserts. Paragraph Two located on Page Two of petitioner's plea agreement (Document 218 in Criminal Action No. 3:01CR25) clearly states, "The maximum penalty to which Mr. Betancourt will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, is imprisonment for a period of ten (10) years *to life*, a fine of $4,000,000.00 and a term of at least five (5) years of supervised release [21 USC 841(b)(1)(A)]" (emphasis added). Defendant's sentence of 220 months is clearly within the statutory maximum provided for under 21 U.S.C. § 841(b)(1)(A) as petitioner ultimately could have faced a sentence of life in prison.

**D.     Ineffective Assistance of Counsel for Failure to Raise Apprendi Issue and Court's Alleged Abuse of Discretion on Appeal**

The Court finds this argument to be without merit as well. The Court adopts the Magistrate Judge's finding that petitioner's counsel was not ineffective in not raising the Apprendi issue on appeal because in fact, the petitioner was sentenced within the statutory range provided by 18 U.S.C. 841(b)(1)(a) as stated *supra*. When deciding whether or not a person was provided ineffective assistance of counsel on appeal, the court presumes appellate counsel decided which issues would be most successful on appeal. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993), *cert. denied*, 510 U.S. 984 (1993). Furthermore, the Fourth Circuit has found that "[c]ounsel's failure to pursue a basis for appeal by reason of a mere misapplication of the likelihood of success . . . [does not] constitute constitutionally ineffective representation." Mikalajunas, 186 F.3d at 493. The Court thus affirms the findings as set forth in the Magistrate Judge's Report.

**Decision**

The Court thus **ORDERS**

1) the respondent's motion to dismiss (Docket # 471) is **GRANTED;**

2) petitioner's motion for the Court to order the government to release Grand Jury transcripts (Document 450) is **DENIED**;

3) petitioner's motion for action by the Court (Document 456) is **DENIED**;

4) petitioner's Motion for Copies of Standing Orders (Document 468) is **DENIED**;

5) petitioner's Motion In Supplement of Record (Document 516) is **DENIED**;

6) petitioner's Motion for Updated Docket Report (Document 519) is **GRANTED**, and the Clerk is directed to provide petitioner with a copy of the most recent docket reports of both civil action number 3:04CV77 and criminal action number 3:01CR25;

7) petitioner's motion for evidentiary hearing (Document 551) is **DENIED**;

8) petitioner's motions for appointment of counsel and for evidentiary hearing (Docket Nos. 463 and 487) are both **DENIED**, and

9) petitioner's petition is **DENIED and DISMISSED WITH PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and Recommendation. It is further **ORDERED** that this action be and is hereby **STRICKEN** from the active docket of this Court in both Civil Action Number 3:04CV77 and Criminal Action Number 3:01CR25.

The Clerk is directed to transmit true copies of this Order to the petitioner, Magistrate Judge Seibert, and all counsel of record herein.

**DATED** this 27th day of April 2006.

W. Craig Broadwater
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE